# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

SNIIIC TWO, LLC,

    Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC,
AMERICAN SECURITY INSURANCE
COMPANY,

    Defendants.
_____/

CASE NO.:

(Formerly Orange County Court Case No. 2019-CA-001890-O)

## DEFENDANT'S NOTICE OF REMOVAL

Defendant OCWEN LOAN SERVICING, LLC ("OCWEN") removes the action currently pending in the County Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2019-CA-001890-O (the "State Court Action"), to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331. Federal question jurisdiction arises under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e. The grounds for removal of the State Court Action are more fully set forth below.

    **A.    BACKGROUND & CONDITIONS OF REMOVAL**

1. On or about February 13, 2019, SNIIIC TWO, LLC ("Plaintiff") filed this lawsuit in the County Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Civil Case No. 2019-CA-001890-O. Plaintiff has asserted causes of action against OCWEN for alleged violations of the FDCPA, the Florida Consumer Collection Practices Act ("FCCPA"), and Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), as well as

for breach of contract, accounting, and declaratory relief.[1]  On February 22, 2019, Plaintiff effected service of process on OCWEN.

2. Venue is proper in the United States District Court for the Middle District of Florida because the case is being removed from the County Court of the Ninth Judicial Circuit in and for Orange County, Florida.

3. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of OCWEN's rights to assert any defenses or affirmative claims, including a counterclaim.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days from the date of OCWEN's receipt of the initial pleading.[2]

5. This action is not a non-removable action as described under 28 U.S.C. § 1445.

6. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings served as of this date is attached hereto as **Composite Exhibit "A."**

7. In accordance with 29 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, OCWEN has served Plaintiff with a copy of this Notice of Removal and has filed a Notice of Filing Notice of Removal with the Clerk of the Court for the Ninth Judicial Circuit in Orange County, Florida.  A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as **Exhibit "B."**

---

[1] Plaintiff also asserts a claim against American Security Insurance Company ("ASIC") for breach of contract.  However, the online docket does not reflect any service of process on ASIC.

[2] Pursuant to Federal Rule of Civil Procedure 6(a)(1), the 30-day period runs through today because 30 days would have otherwise expired on a Sunday.

### B.     THE COMPLAINT

8.     Plaintiff sued OCWEN seeking damages for purported violations of the FDCPA, FCCPA and FDUTPA as well as for breach of contract, an accounting and declaratory relief based upon allegations that OCWEN improperly and willfully assessed and attempted to collect incorrect fees and charges that were not legitimate and/or against the terms of Plaintiff's mortgage loan.  *See* **Composite Exhibit "A."**

9.     Plaintiff alleges a claim under FDCPA pursuant to 15 U.S.C. 1692e.

### C.     FEDERAL QUESTION JURISDICTION

10.    Pursuant to 28 U.SC. § 1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States….where such action is pending." This Court has original jurisdiction under 28 U.S.C. § 1331 because there is a claim under federal law – FDCPA.

11.    This Court also has supplemental jurisdiction over Plaintiff's state law claims brought under the FCCPA and FDCUTPA and for breach of contract, an accounting and declaratory relief.  Such claims are based upon the same factual allegations as Plaintiff's claim for violation of the FDCPA and thus, "are so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

### D.     CONCLUSION

11.    Removal of this case is timely and appropriate, and this Court has federal

question jurisdiction over the FDCPA claim and supplemental jurisdiction over the state law claims in this action. OCWEN respectfully requests that this Court take jurisdiction over this matter and remove this action from the County Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida.

**WHEREFORE** Defendant OCWEN respectfully requests that the aforesaid action now pending in the County Court of the Ninth Judicial Circuit in and for Orange County, Florida, No. 2019-CA-001890-O be removed to this Honorable Court.

Respectfully submitted,

By: /s/ *Linda M. Reck*
Linda M. Reck, Esq.
Florida Bar No. 669474
**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, FL 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909
*reckl@gtlaw.com*
*culpepperd@gtlaw.com*

Patrick G. Broderick, Esq.
Florida Bar No. 88568
**GREENBERG TRAURIG, P.A.**
777 S. Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Telephone: (561) 650-7915
Facsimile: (561) 655-6222
E-mail: *broderickp@gtlaw.com*
*FLService@gtlaw.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2019, a true and correct copy of the foregoing was filed with the Clerk of the Court using the State of Florida e-filing system which will send a notice of electronic service to: John Z. Lagrow, Esq., jlagrow@johnzlawgrowpa.com, John Z. Lagrow, P.A., 1876 Oakbrook Drive, Longwood, FL 32779.

*/s Linda M. Reck*

ACTIVE 42568246v1